UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY MITCHELL, JT BIRDINE, LASHAUNDA BOYD, CARLA BROOKS, ANTOINETTE BROWN, DARRELL BROWN, CHRIS BURNS, LARRY EVANS, MARQUES FREDERICK, RICHARD HEARN, MARGARET JILES, KRISTI KING, CHERYL LANE, CRYSTAL LANE, MARY LEEKS, CARLA MASON, DONTRAIL MATHIS, MARANDA MCCULLOCH, KEYON MITCHELL, TIERNEY MITHCELL, DELORES MORGAN, MARTHA SHEPHERD, DOMINQUE SMITH, ELLICH WILLIAMS, JEWEL WILLIAMS, and MICKEY WISE, | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:15-CV-19-JRG |
| *Plaintiffs,* | § § | |
| v. | § § | |
| PILGRIM'S PRIDE CORPORATION, et al., | § § § § | |
| *Defendants.* | § | |

## MOTION TO DISMISS

COME NOW the Defendants, JBS USA Holdings, Inc. and JBS USA, LLC (collectively the "JBS Defendants") and, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), re-urge this motion to dismiss the First Amended Complaint of the Plaintiffs.[1] In support of their Motion, the JBS Defendants state:

---

[1] Following the December 1, 2015 hearing on the JBS Defendants' Motion to Dismiss and the Court's instructions regarding discovery and further briefing, the parties exchanged discovery and undertook certain depositions. The JBS Defendants provided their Supplemental Briefing on January 22, 2016 and re-file this motion as the Court provided leave to do. (Dkt. No. 41). The JBS Defendants incorporate that Supplemental Briefing (Dkt. No. 48) herein.

1

1. That the First Amended Complaint fails to state a claim against the JBS Defendants and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. This Court lacks subject matter jurisdiction over Plaintiffs' Title VII claims as they have failed to exhaust their administrative remedies. Counts I, II, III, VII and IX should therefore be dismissed as to the JBS Defendants.

In further support of their Motion, the JBS Defendants state as follows:

**ARGUMENT**

**I. BACKGROUND**

This action is brought on behalf 26 former and current employees of Defendant Pilgrim's Pride Corporation ("Pilgrim's") who worked at its Mount Pleasant, Texas poultry processing facility. The First Amended Complaint ("FAC") asserts various claims of employment discrimination under federal laws against three Defendants: Pilgrim's; JBS USA Holdings, Inc. and JBS USA, LLC.

As to the JBS Defendants, the FAC asserts only threadbare conclusory allegations. The sum total of Plaintiff's allegations directed at the JBS Defendants are found in paragraphs 2, 3 and 7 as follows:

> 2. Defendant Pilgrim's Pride Corporation ("Pilgrim's), is, in its own words, "the second-largest chicken producer in the world, with operations in the United States, Mexico, and Puerto Rico." Defendant JBS USA Holdings, Inc. and/or Defendant JBS USA, LLC (collectively, "JBS USA") acquired a controlling interest of Pilgrim's in 2009 and currently controls 75.3% of Pilgrim's common stock. Defendants Pilgrim's and JBS USA are joint employers and operate as a single enterprise.
>
> 3. Both Pilgrim's and JBS USA maintain their corporate headquarters in Greeley, Colorado. Pilgrim's and JBS USA's Mt. Pleasant, Texas plant employs hundreds of employees, the majority of whom are Hispanic. The majority of the supervisors and upper management at the Mt. Pleasant plant are also Hispanic. Black

> employees at the Mt. Pleasant plant are systematically subjected to racial discrimination, retaliation, and a hostile work environment.
>
> 7. Defendant, JBS USA Promontory Holdings ("JBS USA"), is a wholly-owned subsidiary of Brazilian multi-national JBS S.A., the largest protein processor in the world. In September 2009, JBS USA announced the purchase of 64% of Pilgrim's shares and controls 75.3% of Pilgrim's stock. JBS USA maintains its corporate office at 1770 Promontory Circle, Freeley, Colorado 80634.

Plaintiffs' FAC fails to state any claim against the JBS Defendants. The conclusory allegation that Pilgrim's and the JBS Defendants are "joint employers and operate as a single enterprise" lacks supporting facts and cannot be relied upon to defeat a Rule 12(b)(6) Motion to Dismiss. The only remaining allegations assert merely that the JBS Defendants own a controlling interest in the publicly traded stock of Pilgrim's and share corporate offices with Pilgrim's. The allegations are patently insufficient to state a claim against the JBS Defendants.

In addition, the Plaintiffs failed to exhaust their administrative remedies against the JBS Defendants. Only two of the Plaintiffs named either of the JBS Defendants as their employer in their Charge of Discrimination filed with the EEOC. Plaintiffs' failure to file a Charge of Discrimination with the EEOC against the JBS Defendants deprives this Court of subject matter jurisdiction over their Title VII claims (Counts I, II, III, VII, IX).

## II. ARGUMENT

**A.** **Plaintiffs' FAC Fails to State a Claim Against the JBS Defendants.**

1. Rule 12(b)(6) Pleading Standards.

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim for relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Twombly*, 550 U.S. at 555, 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S.Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

  2. <u>The Single Employer Test</u>.

The Fifth Circuit uses a "single employer" test to determine when two private parties should be viewed as one employer under Title VII. The Court applies a four-factor test to determine whether the parties should be aggregated as one employer. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The four-part *Trevino* test involves consideration of:

  (1) Interrelation of operations;
  (2) Centralized control of labor relations;

> (3) Common management; and
> (4) Common ownership or financial control.

*Id*. at 404. The second factor is deemed the most important. *Id. See also Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 344 (5th Cir. 2007) ("we place the highest importance on the second factor, rephrasing and specifying it so as to boil down to an inquiry of 'what entity made the final decisions regarding employment matters related to the person claiming discrimination'"). "That common management, officers or ownership exists between the two entities, along with sharing a common headquarters building and main telephone number, is insufficient to permit the inference that the entities operate as an integrated enterprise, absent evidence that there is a centralized control of labor operations." *Maradiaga v. Intermodal Bridge Transport, Inc.*, 2011 WL 856872 at *6 (N.D. Tex. March 11, 2011). *See also Lusk v. Foxmeyer Healthcorp*, 129 F.3d 773, 777-778 (5th Cir. 1997) ("evidence establishing common management and ownership . . . are insufficient to establish a single employer status").

> 3. <u>Plaintiff's Allegations are Insufficient to State a Claim Against the JBS Defendants</u>.

The factual allegations of the FAC directed at the JBS Defendants assert only two things: (1) that the JBS Defendants own a controlling interest in Pilgrim's and (2) that they share a common corporate office.

Accepting the allegations as true for the purposes of the pending Motion to Dismiss, there can be no dispute that the allegations are insufficient to state a claim against the JBS Defendants under the "single employer" test. Absent from the FAC are any factual allegations to indicate interrelation of operations, centralized control of labor relations or common management. Importantly, there is no allegation that the JBS Defendants played any role in the employment matters related to the Plaintiffs' claims of discrimination.

Plaintiffs' conclusory allegations that Pilgrim's and JBS Defendants are "joint employers and operate as a single enterprise" are not supported with accompanying facts and are insufficient to withstand a Rule 12(b)(6) Motion to Dismiss. *Iqbal*, 129 S.Ct. at 1949 ("naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Public Citizen, Inc. v. Bomer*, 115 F. Supp. 2d 743, 745 (W.D. Tex. 2000) ("the Court will not accept conclusory allegations in the complaint as true"); *Keiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyard, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("we do not accept as true conclusionary allegations in the complaint").

Other courts have similarly found dismissal to be proper under Rule 12(b)(6) when the factual allegations are insufficient to meet the "single employer" test. *See Wilkens v. Toyotetsu America, Inc.*, 2010 WL 950213 at *3 (S.D. Tex. March 20, 2012) (Rule 12(b)(6) motion granted as to the assertion that defendants were a single employer); *Henry v. Park West Staffing Services, Inc.*, 2012 WL 950213 (S.D. Tex. March 20, 2012) (allegations insufficient to meet the single employer test); *Coleman v. Sentinel Transportation, LLC*, 2009 WL 3834438 (S.D. Tex. November 16, 2009) (motion to dismiss granted as plaintiff "has not made allegations concerning any of the four substantive law elements for showing the existence of a single, integrated entity").

**B.    This Court Lacks Subject Matter Jurisdiction Over the Title VII Claims Asserted Against the JBS Defendants.**

1.    Standard of Review.

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "In ruling on a

motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Williams v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

When challenging a Rule 12(b)(1) motion, the party asserting jurisdiction has the burden of proof that jurisdiction is proper. *Ramming v. United States*, 281 F.3d 153, 161 (5th Cir. 2001). A district court may grant a motion to dismiss under Rule 12(b)(1) based on a failure to exhaust administrative remedies. *See Devaughn v. U.S. Postal Service*, 293 F. Appx. 276 (5th Cir. 2008); *Harris v. Honda*, 213 F. Appx. 258 (5th Cir. 2006).

    2.    <u>The Named Employer in the EEOC Charges of Discrimination</u>.

Only twenty (20) of the twenty-six (26) Plaintiffs filed an EEOC Charge of Discrimination. (Lopez Affidavit at ¶ 4). All but two (2) of the Plaintiffs who did file failed to name either of the JBS Defendants in their EEOC Charges of Discrimination.[2] (*See* Affidavit of Ruben Lopez at ¶ 5). Only six (6) of the Plaintiffs even mention JBS USA in their Attachment "A" which sets forth the particulars of their claim.[3] (Lopez Affidavit at ¶ 6). For those six (6) Plaintiffs, their Attachment "A" states only that they were "employed at Pilgrim's Pride Corporations ('Pilgrim's') and JBS USA ('JBS') in Mt. Pleasant, Texas," without further reference to JBS. Significantly, neither of the JBS Defendants was ever served or received notice of a Charge of Discrimination for Mason or Morgan or any other Plaintiff. Lopez Affidavit, ¶ 7.

---

[2] Mason and Morgan identified "Pilgrim's Pride Corporation and JBS USA" as their employer in the Charge of Discrimination. In her attached Attachment "A," Morgan states that she was "employed at Pilgrim's Pride Corporation" in Mt. Pleasant, Texas. (Lopez Affidavit, Exs. 12 and 16).

[3] *See* Attachment to the claims of Birdine, Evans, Frederick, Jiles, Shepherd and E. Williams. (*See* Lopez Affidavit, Exs. 2, 6, 7, 9, 17 and 19).

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 776, 378-79 (5th Cir. 2002) (*citing Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). Filing with the EEOC is a jurisdictional prerequisite to a Title VII action. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (overruled on other grounds).

In *Ajaz v. Continental Airlines*, 156 FRD 145 (S.D. Tex. 1994), the court dismissed the claims against a defendant not named in the EEOC charge stating:

> Generally, "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981), *vacated on other grounds*, 456 U.S. 955, 102 S.Ct. 2028, 72 L.Ed.2d 479 (1982). The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC. *Id.*; *Bowe v. Colgate-Palmolive Company*, 416 F.2d 711, 720 (7th Cir. 1969). The charge triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may be obtained and discriminatory practices and policies eliminated. *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d at 1123. Accordingly, the scope of a Title VII suit extends "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Id*. The reasonable limits of the investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, but also the parties potentially liable for any violation found. *Id.*

*Id.* at 145. (*emphasis added*).

The Fifth Circuit has allowed a party not named in an EEOC charge to be named as a defendant in only very limited circumstances stating:

> The Fifth Circuit has allowed a party not named in an EEOC charge to nevertheless be named as a defendant in an employment discrimination complaint, but only in very limited circumstances. In *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981), the Court stated that if it was within the foreseeable

8

>scope of the EEOC investigation, an unnamed party could be added as a defendant. It nevertheless concluded that the international union was "insufficiently implicated" in the EEOC investigation. Plaintiffs do not argue this exception applies.
>
>A district court in this circuit has also allowed a party not named in an EEOC charge where it was a successor employer to an employer named in the charge. *See Escamilla v. Mosher Steel Co.*, 386 F.Supp. 101 (S.D. Tex. 1975). That is not the situation before us in this case.
>
>Finally, two district courts in this circuit have allowed unnamed parties to be sued where there was a "clear identity of interest" between the unnamed party and the party named in the EEOC charge. *See Nigro v. St. Tammany Parish Hosp.*, 377 F.Supp.2d 595 (E.D. La. 2005) (No identity of interest found. The only interrelation of operations between defendant is that EM-1 supplied physicians who worked in the St. Tammany Parish Hospital emergency room.). *But see Parks v. Mississippi Dept. of Transp.*, 380 F.Supp.2d 776 (N.D. Miss. 2005) (Mississippi Transportation Commission (MTC) and Mississippi Department of Transportation (MDOT) had common identity of interest, such that filing of EEOC charge against MDOT put MTC on notice of potential civil liability under Title VII; MDOT existed only to carry out directives of MTC).
>
>The Second and Third Circuit consider four factors in determining whether an identity of interest exists: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Johnson v. Palma*, 931 F.2d 203, 209-10 (2d Cir. 1991) (*quoting Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)).

*Wilkins v. Toyotetsu America, Inc.* at \*5-\*6. (*emphasis added*).

None of the exceptions apply. The JBS Defendants are not alleged to be successor employers to Pilgrim's. As more fully set forth above with respect to the single employer test,

9

there are no factual allegations or other basis upon which to conclude that there is an identity of interest between Pilgrim's and the JBS Defendants. Indeed, the only factual allegation is that JBS USA owns a controlling interest in the publicly traded stock of Pilgrim's and shares office space. Absent from the FAC is any allegation that their exists common management, interrelated operations or central control of labor relations. Simply put, there is no allegation or other basis upon which to conclude that JBS USA is in any way implicated in the employment matters asserted in the FAC. *See also*, *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988) ("a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the named party in the charge or it has unfairly prevented the filing of an EEOC charge"). Finally, even for the two Plaintiffs who named JBS USA as their employer in their Charge of Discrimination and the six who made reference to JBS USA in the accompanying Attachment, there is no employment relationship upon which to predicate their charge. (Lopez Affidavit at ¶ 3). Thus, notwithstanding such reference, there was no reason to bring the JBS Defendants within the scope of the EEOC investigation. This is borne of by the fact that neither of the JBS Defendants was ever even given notice by the EEOC of any of the Plaintiffs' Charges of Discrimination. (Lopez Affidavit at ¶ 7).

In sum, the JBS Defendants were not provided with fair notice of the Plaintiffs' charges or given an opportunity to participate in the EEOC conciliation process. By failing to name the JBS Defendants in their Charges of Discrimination and the lack of service upon JBS Defendants, the Plaintiffs have failed to exhaust their administrative remedies. This Court consequently lacks subject matter jurisdiction over their claims.

WHEREFORE, the JBS Defendants request an Order of the Court dismissing the First Amended Complaint, with prejudice and for such other and further relief as is just and proper.

DATED this 26th day of January, 2016.    Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

James J. Frost (NE 16560)
A. Stevenson Bogue (NE 15509)
Abigail McKenzie Moland (NE 23741)
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402) 341-3070 (telephone)
(402) 341-0216 (facsimile)
jfrost@mcgrathnorth.com
sbogue@mcgrathnorth.com
amoland@mcgrathnorth.com

ATTORNEYS FOR DEFENDANTS
JBS USA HOLDINGS, INC. AND
JBS USA, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent an electronic copy of the foregoing document to all counsel of record.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth